**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001069
20-SEP-2013
08:40 AM**

NO. CAAP-11-0001069

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SCOTT GORDON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1P111-10067)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J. and Fujise, J.,
with Reifurth, J., concurring separately)

Defendant-Appellant Scott Lee Gordon (Gordon) appeals from the November 25, 2011 Judgment entered by the District Court of the First Circuit, Honolulu Division (District Court).[1]

Gordon was convicted of Theft in the Fourth Degree, in violation of Hawaii Revised Statutes (HRS) § 708-833(1) (1993).

On appeal, Gordon contends (1) the District Court plainly erred by failing to dismiss the charge because of the failure to preserve video surveillance of Gordon, thereby violating his right to due process under the United States and Hawai'i Constitutions, (2) Gordon's right to testify was violated by an inadequate colloquy required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995) and State v. Lewis, 94 Hawai'i 292, 12 P.3d 1233 (2000), and (3) there was insufficient evidence to demonstrate that Gordon acted with the requisite mens rea.

---

[1] The Honorable T. David Woo, Jr. presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gordon's points of error as follows:

(1) The District Court did not plainly err by failing to dismiss the charge due to unavailability of a surveillance video. In State v. Matafeo, 71 Haw. 183, 185-86, 787 P.2d 671, 672 (1990), the court stated:

> In Brady v. Maryland, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or punishment, regardless of the good faith or bad faith of the prosecution. [373 U.S. 83, 87, 10 L. Ed. 2d 215, 218, 83 S. Ct. 1194, 1196 (1963)]. The Brady rule has been incorporated into the Hawaii due process jurisprudence and relied upon frequently by this court. See generally State v. Estrada, 69 Haw. 204, 738 P.2d 812 (1987); State v. Arnold, 66 Haw. 175, 657 P.2d 1052 (1983); State v. Marzo, 64 Haw. 395, 641 P.2d 1338 (1982).

In this case, no surveillance video recording was given to the State. Consequently, the State did not suppress any evidence. Furthermore, Gordon's assertion that the video surveillance footage was exculpatory or otherwise favorable to him is not supported by the evidence presented to the District Court. An asset protection coordinator employed by the complainant testified that he reviewed the surveillance video following Gordon's arrest in order to determine whether what was being reported by the loss prevention officer was consistent with the recording and that if the video surveillance footage was not accurately reflected in the report he would have saved the video at that time. The asset protection coordinator did not save the video at that time.

(2) Gordon did not validly waive his right to testify because the District Court did not properly advise Gordon of his Tachibana rights or conduct a colloquy that involved a verbal exchange in which the District Court could ascertain Gordon's understanding of his rights. State v. Han, ___ Hawai'i ___, 306 P.3d 128, SCWC-11-0000814, 2013 WL 3063769, at *1 (Haw. June 19,

2

2013). In <u>Han</u>, the Supreme Court further clarified the colloquy requirement under <u>Tachibana</u> and <u>Lewis</u> by noting,

> "Colloquy" is defined as "[a]ny formal discussion, such as an <u>oral exchange</u> between a judge, the prosecutor, the defense counsel, and a criminal defendant in which the <u>judge ascertains the defendant's understanding</u> of the proceedings and of the defendant's rights." <u>Black's Law Dictionary</u> 300 (9th ed. 2009) (emphases added).

<u>Id.</u> at 135.

The District Court's pre-trial advisement was inadequate under <u>Lewis</u> in that it failed to advise Gordon regarding his right not to testify. The District Court merely advised Gordon that he had an absolute right to testify, even if it was against his attorney's advice.

The District Court did not comply with the requirements of <u>Tachibana</u> by engaging in a colloquy with Gordon that ascertained Gordon understood that he had a right to testify, that if he wanted to testify no one could prevent him from doing so, and that if he testifies the prosecution will be allowed to cross examine him. <u>Tachibana</u>, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7. In addition, the District Court failed to discuss Gordon's right not to testify at all. <u>Id.</u> The need for a proper <u>Tachibana</u> advisement and colloquy was especially important in light of the abrupt change of heart regarding his decision on whether to testify.

Contrary to the State's assertion, the failure to properly advise Gordon of his <u>Tachibana</u> rights and to conduct an adequate colloquy was not harmless error.

> "The relevant question under the harmless beyond a reasonable doubt standard is 'whether there is a <u>reasonable possibility</u> that error <u>might have</u> contributed to conviction.'" <u>State v. Schnabel</u>, 127 Hawai'i 432, 450, 279 P.3d 1237, 1255 (2012) (quoting <u>State v. Duncan</u>, 101 Hawai'i 269, 278, 67 P.3d 768, 777 (2003)) (emphases in original). As stated, the ICA observed in <u>Hoang</u> that, "it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case," [<u>State v. Hoang</u>, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (2000) (citing <u>State v. Silva</u>, 78 Hawai'i 115, 126, 890 P.2d 702, 713 (App. 1995))], and thus the burden rests on the State to establish "the violation was harmless beyond a reasonable doubt." <u>Tachibana</u>, 79 Hawai'i at 240, 990 P.2d at 1307.

<u>Han</u> at 138.

3

Here, Gordon's defense challenged the credibility of the State's main witness, the store's loss prevention officer, and the fact that when Gordon was apprehended, no property belonging to the store was found on his person. In Han, the court found that the failure to obtain a knowing, intelligent, and voluntary waiver of a defendant's right to testify was not harmless beyond a reasonable doubt because there was no way of assessing the effect of defendant's testimony on the jury's credibility determination. Similarly here, had Gordon testified it would be impossible to conclude beyond a reasonable doubt that his testimony could not have created a reasonable doubt in the mind of the factfinder or that the error could not have contributed to his conviction based on the credibility of the witness testimony presented at trial. Id.

(3) When the evidence is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), there was sufficient evidence that Gordon acted with the requisite *mens rea* in order to convict him of Theft in the Fourth Degree. Gordon admits there was evidence of his "criminal *mens rea*," although he maintains it was "very slight circumstantial evidence."

The loss prevention officer, Cecelia Reeves (Reeves) testified that another male and Gordon went to the electronics department where Gordon initially attempted to pull an earphone device off of a locked peg. However, Gordon later returned with another male to the electronics department twenty minutes later, pulled a packaged "Scandisk" from a peg, and later handed the item to another male. Reeves stated that customers require assistance to remove items from a peg. Reeves also testified that at some point while they were in the store, the other male tore open the packaging and placed the "Scandisk" into his pants pocket. Both Gordon and the other male then walked past open registers toward an emergency exit on Sheridan Street, the other male exited but Gordon came back into the store before exiting on Keeaumoku Street. The District Court found Gordon guilty

4

pursuant to HRS § 702-222(1)(b) because Gordon aided or agreed or attempted to aid another person in planning or committing an offense.

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, 'we have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances.'" State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)). Gordon's acts, conduct and the inferences fairly drawn from all of the circumstances support the finding that Gordon acted with the requisite state of mind to be convicted of Theft in the Fourth Degree as an accomplice.

THEREFORE,

IT IS HEREBY ORDERED that the Judgment entered on November 25, 2011 in the District Court of the First Circuit, Honolulu Division is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, September 20, 2013.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

5